CLERK'S OFFICE U.S. DISTRICT COURT AT ROANOKE, VA FILED
August 25, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LORENZO THOMAS,** )<br>    Plaintiff, ) | Civil Action No. 7:24cv482 |
| )<br>v. ) | MEMORANDUM OPINION |
| )<br>**DANVILLE POLICE DEPARTMENT,** )<br>    Defendant. ) | By:  Robert S. Ballou<br>United States District Judge |

Lorenzo Thomas, a Virginia inmate proceeding *pro se*, has filed a Complaint in this court. He complains of false arrest, violation of constitutional rights, wrongful conviction, and ineffective assistance of counsel.  It is not clear what relief he is seeking.

At the outset, the Complaint is filed on a form captioned "Notice of Tort Claim Pursuant to §§ 8.01-195.1 et seq., Code of Virginia."  On that form, the "Nature of Claim" is identified as negligence.  Negligence is a state law claim, and federal courts have no jurisdiction over actions under the Virginia Tort Claim Act (VTCA).  The VTCA places jurisdiction for such claims only in Virginia state courts. Va. Code § 8.01-195.4; *Creed v. Virginia*, 596 F. Supp. 930, 936 (E.D. Va. 2009).

To the extent that his complaint can be construed to allege false arrest/malicious prosecution, those claims would arise under 42 U.S.C. § 1983.  Section 1983 provides a cause of action against a person who, acting under color of state law, violates the constitutional rights of another.  Thomas has several barriers to pursuing these claims under § 1983.  First, he has not made allegations sufficient to state a claim against the Danville Police Department.  Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  Although a local government body may be sued under § 1983, it may only be sued for adopting a policy, through its leaders, that is

unconstitutional. *Monell v. Dep't of Soc. Servs of New York*, 436 U.S. 658, 690 (1978). Such a body is not liable for the actions of its individual employees under the doctrine of *respondeat superior*; that is, liability does not exist just because the Department employs and supervises the police officers. *Id.*; *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023). Thomas named four officers on his claim, but he did not explain what each officer did to violate his rights.

Next, assuming he put the Complaint in the mail on July 22, 2024, the date his signature was notarized, his Complaint is untimely. He alleges that he was falsely arrested on July 15, 2021, just over three years before he filed his Complaint. The statute of limitations for claims under § 1983 in Virginia is two years. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011).

Finally, claims for false arrest or malicious prosecution cannot proceed unless the prior criminal prosecution ended favorably for the accused. Favorable termination of the criminal proceedings is an element that must be proved in a malicious prosecution case or a claim for false arrest. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Thomas pled guilty and was convicted in August 2022. His conviction was affirmed by the Court of Appeals of Virginia, and his petition for appeal to the Supreme Court of Virginia was refused on February 7, 2024. The case did not terminate favorably to Thomas.

One aspect of Thomas's Complaint remains: his allegations of ineffective assistance of counsel. Those allegations are appropriately the subject of a petition for habeas corpus under 28 U.S.C. § 2254. Such petitions must be filed within the one-year statute of limitations in most cases, which begins running at the conclusion of all appeals from the conviction or the last date on which an appeal could have been filed. 28 U.S.C. § 2244(d)(1)(A). If Thomas pursued an appeal to the United States Supreme Court, then the one-year statute would start running when

the Court rendered its decision (or denied the petition).  If he did not pursue a petition to the United States Supreme Court, the statute of limitations started running 90 days after the refusal of his petition by the Supreme Court of Virginia, or on May 7, 2024.  If this pleading was intended to be a habeas corpus petition, it was timely filed but must be amended to comply with the Rules Governing § 2254 Cases.[1]

For the reasons explained herein, I will dismiss claims under the VTCA and under § 1983, but I will grant plaintiff 30 days to file a proper amended habeas petition, if plaintiff wishes to do so.  If he does not file an amended petition within 30 days, then the remainder of this case will be dismissed.  An appropriate order will be entered this day.

Entered:  August 25, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[1] A person must first exhaust state remedies by filing a state habeas petition, if the issues to be raised were not addressed by the state's highest court during the direct appeal.  28 U.S.C. § 2254(b).  The time that a state post-conviction petition is pending interrupts the federal statute of limitations.  28 U.S.C. § 2244(d)(2).  When state proceedings are finished, the statute does not start over but picks up where it left off at the time the state petition was filed.  *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).  If Thomas has not already exhausted his state remedies, it is likely too late to do so now.